UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ANGELEN BLACK                                                                               PLAINTIFF

v.                                                                            Case No. 3:22-cv-315-KHJ-MTP

SECURITAS SECURITY SERVICES USA, INC.                                     DEFENDANT

## COMPLAINT

Plaintiff Angelen Black reported sexual harassment by a driver on her jobsite. The driver made sexual comments about Ms. Black's appearance, said he wanted to "squeeze" Ms. Black, and physically touched Ms. Black without her consent. Ms. Black first reported the harassment to her supervisor in early 2020. Defendant failed to remedy the harassment at that time and it continued for over a year. For these reasons, COMES NOW THE PLAINTIFF and alleges as follows:

## PARTIES

1. Defendant Securitas Security Services USA, Inc. (Sercuritas), is a for-profit corporation incorporated in Delaware and doing business in Mississippi.

2. Securitas has more than 500 employees.

3. Securitas is an "employer" as defined by Title VII of the Civil Rights Act of 1964 (Title VII).

4. Ms. Black is an adult resident of Mississippi.

5. Ms. Black is a former "employee" of Securitas as defined by Title VII.

## JURISDICTION, VENUE, AND EXHAUSTION

6. Jurisdiction is proper in this court under 28 U.S.C. § 1331 because this claim arises under federal law.

7. Defendant operates a location in Jackson, Mississippi.

1

8. Plaintiff worked for Defendant as a security guard in Canton, Mississippi.

9. Plaintiff exhausted her administrative remedies by filing a charge with the United States Equal Employment Opportunity Commission on February 18, 2022. (Exhibit #1)

10. Plaintiff received a Right to Sue from the EEOC on March 18, 2022. (Exhibit 2)

11. Venue is proper in this court under 28 U.S.C. § 1391 because the Defendant and the events that led to the causes of action were located in and around Jackson and Canton, Mississippi.

12. Trial by jury is demanded on all issues so triable in this matter.

13. Defendant is subject to Title VII of the Civil Rights Act of 1964.

## FACTS

14. Mrs. Black began working for Defendant on May 31, 2015.

15. Mrs. Black worked in a security booth as a security officer at 554 Nissan Parkway in Canton, Mississippi.

16. Horace Littleton is a trucker who worked for Carter Express, now XPO trucking company.

17. Littleton made deliveries to 554 Nissan Parkway in Canton, Mississippi.

18. From 2019 to September of 2021, Littleton made comments to Mrs. Black.

19. These comments included "You're so pretty," "I could kiss you," and "I could grab and squeeze you."

20. These comments were made frequently.

21. During portions of this period, these kinds of comments were made on a daily basis.

22. These comments were unwelcome.

23. Mrs. Black told Littleton that these comments were unwelcome.

24. Littleton also touched Mrs. Black without her consent.

25. Littleton would open the door of Mrs. Black's booth in order to grab her thighs and shoulders.

26. Mrs. Black informed Littleton that she was married.

27. Mrs. Black informed Littleton that she did not want to be touched.

28. Mrs. Black informed Littleton that she was not interested in him and did not appreciate his comments or physical attention.

29. Several of Mrs. Black's coworkers, including Raymond Wilson and Courtney Baggett, witnessed Littleton harassing her.

30. Raymond Wilson worked in the same booth as Mrs. Black during this time.

31. Courtney Baggett worked in another security booth during this time..

32. Mrs. Black often stepped over to Courtney Baggett's booth if Raymond Wilson was not in their booth to make sure she would not be left alone with Littleton.

33. Raymond Wilson told Littleton to stop harassing Mrs. Black.

34. Mrs. Black initially reported Littleton's behavior in 2019 directly to his first shift supervisor for Carter Express, Duane Robinson.

35. Duane Robinson told Littleton to stop going to Mrs. Black's booth.

36. Littleton started back harassing Mrs. Black after briefly obeying the supervisor.

37. When the harassment started again, Mrs. Black reported Littleton's behavior to her Securitas supervisor around April 2020.

38. Mrs. Black's supervisor at Securitas is Ann Outlaw.

39. Mrs. Black's supervisor did nothing the first time she heard about the harassment.

40. Around this same time, Michael Dupree, a manager over Duane Robinson, began calling Mrs. Black a "troublemaker" after she reported that Littleton was harassing her.

41. Dupree would greet her with "good morning, troublemaker."

42. On or about June 2021, the contract serviced by Carter Express was taken over by another company, XPO.

43. XPO continued to employ Littleton in the same role as Carter Express.

44. However, Narkeshae Demus took over Duane Robinson's role as first shift supervisor under XPO.

45. One of Mrs. Black's coworkers, Raymond Wilson, witnessed the ongoing harassment directed at Mrs. Black by Littleton again in 2021.

46. Wilson spoke to Ann Outlaw about Littleton's behavior towards Mrs. Black.

47. Wilson spoke to Narkeshae Demus about Littleton's behavior towards Mrs. Black.

48. Demus approached Mrs. Black about Littleton's behavior towards her.

49. Demus told Mrs. Black that she would report the harassment to XPO's Human Resources department.

50. After Mrs. Black was told that Littleton would be reported to Human Resources, Littleton blew kisses at her during work hours.

51. After Mrs. Black was told that Littleton would be reported to Human Resources, Littleton continued laughing at and leering at her aggressively.

52. Demus reported the harassment to XPO's Human Resources department in August or September of 2021.

53. A representative from XPO's HR department spoke to Ann Outlaw about Littleton's harassment towards Mrs. Black.

54. A representative from XPO's HR department asked Outlaw if she could speak to Mrs. Black.

55. A representative from XPO's HR department spoke to Mrs. Black about Littleton's harassment towards her.

56. A representative from XPO's HR department asked Mrs. Black if she had ever had a relationship with Littleton.

57. Mrs. Black has never had a relationship with Littleton and did not welcome his advances, and told the representative from XPO's HR department so.

58. Around this time, XPO's HR representative called Littleton about his harassment towards Mrs. Black.

59. The day after the HR representative called Littleton, Littleton stopped by Mrs. Black's booth.

60. Raymond Wilson told Littleton to leave Mrs. Black alone when Littleton stood outside her booth that day.

61. Mrs. Black told Littleton to go away when he was outside of her booth that day.

62. Mrs. Black explained to Littleton that she had asked him to stop prior to filing complaints.

63. Littleton did not stop harassing Mrs. Black prior to her complaints.

64. Mrs. Black again reported the matter to her Securitas supervisor, Outlaw, in 2021.

65. This time Outlaw told Mrs. Black to write a report of the incidents.

66. On or around September 20, 2021, Mrs. Black wrote the report that her supervisor told her to write.

67. Mrs. Black submitted the report to Ann Outlaw.

68. Ann Outlaw emailed the report to Human Resources at Securitas.

69. Defendant has not responded to the report.

70. It is unknown what if any actions Defendant took in response to this report.

71. Defendant did not communicate with Mrs. Black indicating that it would take any particular action to end the harassment.

## CAUSES OF ACTION

### Count 1: Title VII; sexual harassment

72. Plaintiff incorporates all other paragraphs of this complaint as if full set forth herein.

73. Per Title VII of the Civil Rights Act of 1964, it is unlawful for Defendant to create or permit a hostile work environment based on sex.

74. Defendant's actions and inactions have created or permitted a hostile work environment as defined by the courts construing Title VII.

75. Plaintiff was subject to unwelcome harassment.

76. The harassment was severe or pervasive.

77. The harassment was based on her sex.

78. Defendant failed to take prompt remedial action to address the matter when it knew or should have known of the harassment.

79. In so doing, Defendant violated the law.

80. Such violations harmed Plaintiff.

## REMEDIES

81. Plaintiff seeks all remedies available, including but not limited to the following:

    a. A final judgment declaring that the actions of Defendant described herein violate the law as alleged;

b. An injunction curing the violations alleged herein, and prohibiting any future similar violations;

c. Any other equitable relief as the court deems appropriate;

d. Compensatory damages for emotional distress and any other non-pecuniary harms flowing from the actions alleged herein;

e. Consequential damages and any other pecuniary harms flowing from the unlawful acts complained of herein;

f. Punitive damages against any Defendant not immune therefrom, commensurate with the misconduct and necessary to deter violations of the law;

g. Notice given to all employees regarding the violations found by this court, and notifying such employees of the order entered proscribing any future similar violations;

h. Pre- and post-judgment interest;

i. Attorney fees;

j. Costs; and

k. Any other relief available under any applicable principle in law or equity.

Respectfully submitted on June 9, 2022,

      ANGELEN BLACK, Plaintiff

      /s/Joel Dillard
      Joel F. Dillard (MSB No. 104202)
      Jay Kucia (MSB No. 106213)
      *Counsel for Plaintiff*

OF COUNSEL:

JOEL F. DILLARD, P.A.
775 N. Congress St.
Jackson, MS 39202
Telephone: 601-509-1372 (Ext. 2, Joel) (Ext. 1, Jay)
Emails: joel@joeldillard.com (Joel)
jay@joeldillard.com (Jay)